UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEARNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEX FARHAT, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-0557 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims he was purposely transferred to a prison where he had documented enemies where he was attacked and injured.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), motion to appoint counsel (ECF No. 3), and his complaint for screening (ECF No. 1).  For the reasons set forth below, the court will grant the motion to proceed in forma pauperis, deny the motion to appoint counsel, and will give plaintiff the opportunity to proceed with the complaint as screened or to amend the complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

1  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
3  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
4      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at
9  389. The statute requires that there be an actual connection or link between the
10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
11 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
12 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
13 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
14 omits to perform an act which he is legally required to do that causes the deprivation of which
15 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16     Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
17 their employees under a theory of respondeat superior and, therefore, when a named defendant
18 holds a supervisorial position, the causal link between him and the claimed constitutional
19 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
20 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
21 concerning the involvement of official personnel in civil rights violations are not sufficient. See
22 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23 **II.   Allegations in the Complaint**

24     Plaintiff claims that the events giving rise to the claim occurred while he was incarcerated
25 at California Health Care Facility (CHCF) and California State Prison, Sacramento (CSP-SAC).
26 (ECF No. 1 at 1.) Plaintiff has named the following defendants: (1) Dr. Alex Farhat; (2) A.
27 Chavez; (3) A. Frazier; (4) Captain J. Clough; (5) Chief Medical Officer Adams; (6) correctional
28 officer Morales; (7) P. Gonzalez. (Id. at 2-3.)

Plaintiff alleges that on August 8, 2019, he spoke with Chavez at CHCF. Chavez gave plaintiff his Institution Classification Committee (ICC) paperwork and stated, "Since you want to keep filing appeals like a wanna-be gangsta and you say you're from the Bay area, I'll send you home; that's Folsom, right?" (Id. at 4.) Chavez further told plaintiff he would be transferred. Plaintiff told Chavez he "had one year clean" and requested an override. Frazier told plaintiff that since plaintiff "wanted the Level two override," they would send him to Folsom because they were "tired of [plaintiff's] shit." (Id.)

On August 9, 2019, Chavez and Frazier held plaintiff's ICC hearing while plaintiff was out to medical so that he would not be present. Plaintiff alleges this was done in retaliation for plaintiff filing appeals. Plaintiff further alleges that their intention was to have plaintiff harmed by sending him to CSP-SAC where plaintiff has a documented enemy. (Id.) Plaintiff claims that Dr. Farhat intentionally removed his permanently assigned walker so that he could be transferred to CSP-SAC. (Id. at 5.)

Plaintiff claims Captain J. Clough, Adams, and Gonzales sent plaintiff to B yard, even though he knew plaintiff would face danger on that yard. (Id. at 10, 11, 13.) Plaintiff further alleges that he informed officer Morales that he was concerned about his safety and requested secure housing. Morales lied and told plaintiff secure housing was full and sent him to B yard where plaintiff had documented enemies. (Id. at 12.)

Plaintiff alleges that on an unspecified date in September 2019, he was attacked by inmates in the B yard dayroom. (Id. at 6.) He further claims that he did not receive medical care, but rather was "cleared" even though he had a broken jaw. Plaintiff was sent to San Joaquin Hospital hours later. However, when it was determined that his injuries were severe, he was transferred to U.C. Davis medical center where he was rushed to emergency surgery. (Id. at 7.) He was operated on and his jaw was wired. Plaintiff claims that as a result of his injuries he is in constant pain, cannot eat properly, has not been given enough food, has developed a serious infection, and will require additional surgeries. (Id.)

////

////

4

**III.    Does Plaintiff State a § 1983 Claim?**

    **A. Failure to Protect**

        **1. Legal Standards**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at 832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and citations omitted).

////

**2. Analysis**

Plaintiff has alleged that defendants: Chavez, Frazier, Farhat, Clough, Adams, Gonzales, and Morales were responsible for sending him to CSP-SAC B yard where he had a documented enemy and he was then attacked. (ECF No. 1 at 4-6.) Accordingly, the court finds that he has stated a potentially cognizable failure to protect claim against these defendants.

**B. Deliberate Indifference to Serious Medical Needs**

**1. Legal Standards**

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

////

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**2. Analysis**

Plaintiff appears to allege that he did not receive timely medical treatment for his injuries. Such allegations could potentially state a claim for violation of his rights under the Eighth Amendment. However, plaintiff has not identified any specific defendant who was involved in

////

the alleged deprivation. Accordingly, the complaint does not state a claim for violation of his Eighth Amendment right to adequate medical treatment.

### C. First Amendment

#### 1. Legal Standards

"Of fundamental import to prisoners are their First Amendment rights to file prison grievances, and to pursue civil rights litigation in the courts. Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." Rhodes v. Robinson, 408 F.3d 559, 567 (citations, internal quotations and footnote omitted) (9th Cir. 2005).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-68. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm. Id. at 568, n.11; see also Brodheim v. Cry, 584 F.3d 1262, 1269-71 (9th Cir. 2009).

The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

#### 2. Analysis

Plaintiff alleges that Chavez and Frazier held a classification hearing while plaintiff was away from prison and determined that he should be transferred to CSP-SAC where he had a documented enemy. (ECF No. 1 at 4.) He further alleged that they did so because plaintiff filed appeals. He has alleged facts showing that Chavez and Frazier took adverse action against him because he exercised his First Amendment rights. Accordingly, he has alleged a cognizable retaliation claim against these defendants.

8

**D. Due Process**

    **1. Legal Standards**

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.

A prisoner does not have a right to a particular classification or custody level under the Due Process Clause. See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("'[A] prisoner has no constitutional right to a particular classification status.'") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Nor do inmates have a right to be housed in any particular prison. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protect by the Due Process Clause is implicated in a prison's reclassification and transfer decisions).

    **2. Analysis**

It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum, 427 U.S. at 225; Montayne v. Haymes, 427 U.S. 236, 242 (1976). Accordingly, plaintiff does not have a liberty interest in being housed in any particular prison or to any particular classification. Therefore, he cannot state a due process claim based on his classification hearing.

**IV.**    **Amending the Complaint**

As stated above, the court has determined that the complaint states an Eighth Amendment failure to protect claim and a First Amendment retaliation claim, but fails to state any other claims. Accordingly, plaintiff will be given the opportunity to proceed with the complaint as

screened or amend the complaint. Should plaintiff choose to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Each claim must be included in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## MOTION TO APPOINT COUNSEL

Plaintiff has requested the appointment of counsel.  However, he has not provided any arguments in support of his motion to appoint counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1 establish exceptional circumstances that would warrant a request for voluntary assistance of
2 counsel.
3     In the present case, the court does not find the required exceptional circumstances.  At the
4 pleading stage, the court is not in a position to evaluate plaintiff's likelihood of success on the
5 merits.  Accordingly, the court will deny the motion to appoint counsel without prejudice.

## LETTER

7     On April 27, 2020, plaintiff filed a letter regarding his medical condition to notify the
8 court of the severity of his situation.  (ECF No. 8.)  Therein, plaintiff stated that due to the
9 COVID-19 pandemic he "cannot go out to U.C. Davis transportation is not moving."  He further
10 states that his "jaw is still infected" and he is "on anti-biotics three times a day."
11     Plaintiff has also asked if the court is "able to keep [him] out of a Level four prison"
12 because he has been disciplinary free for eighteen months.  As discussed above, inmates do not
13 have a right to any particular classification status and no right to be held in any particular prison.
14     However, the court takes seriously allegations that he is not receiving proper medical
15 care due to the COVID-19 pandemic.  Therefore, in an abundance of caution the court will direct
16 the Office of the Attorney General to contact the litigation coordinator at CHCF and inform the
17 court about what measures are being taken to address plaintiff's health care needs and safety
18 concerns.

## CONCLUSION

20     Accordingly, IT IS HEREBY ORDERED that:
21 1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted;
22 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is
23    assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
24    1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to
25    the Director of the California Department of Corrections and Rehabilitation filed
26    concurrently herewith.
27 3. Plaintiff's motion to appoint counsel (ECF No. 3) is denied without prejudice;
28 ////

4. The Office of the Attorney General is instructed to:

    a. Contact the CHCF Prison Litigation Coordinator to determine what, if anything is presently being done to address plaintiff's health and safety concerns.

    b. Within forty-five days of the date of this order, file and serve a statement reflecting the findings of such an inquiry, including all appropriate declarations.

5. The Clerk of the Court is directed to serve a copy of this order on Ms. Monica Anderson, Supervising Deputy Attorney General.

6. Plaintiff's complaint states a potentially cognizable failure to protect claim against defendants Chavez, Frazier, Farhat, Clough, Adams, Gonzales, and Morales as well as a First Amendment claim against Chavez and Frazier as set forth in Section III above. The complaint does not state any additional claims. Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

7. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

8. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 12, 2020

_DEBORAH BARNES_
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hear0557.scrn+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEARNE,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEX FARHAT, et al.,<br><br>    Defendants. | No.  2:20-cv-0557 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

_____    Plaintiff wants to proceed immediately on his claims Eighth Amendment failure to protect claim against defendants Chavez, Frazier, Farhat, Clough, Adams, Gonzales, and Morales and his First Amendment Claim against Chavez and Frazier.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

_____    Plaintiff wants to amend the complaint.

DATED:_____

                                                                                        _____
                                                                                        John Andrew Hearne
                                                                                        Plaintiff pro se

14