UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEARNE,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEX FARHAT, et al.,<br><br>    Defendants. | No. 2:20-cv-0557 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was purposely transferred to a prison where he had documented enemies where he was attacked and injured. Presently before the court is plaintiff's amended complaint for screening (ECF No. 17). For the reasons set forth below, the court will give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

////

2

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff claims that the events giving rise to the claim occurred while he was incarcerated at California Health Care Facility (CHCF) and California State Prison, Sacramento (CSP-SAC). (ECF No. 17 at 3.) Plaintiff has named the following defendants: (1) Dr. Alex Farhat; (2) A. Chavez; (3) A. Frazier; (4) Captain J. Clough; (5) Chief Medical Officer Adams; (6) correctional officer Morales; (7) P. Gonzalez; and (8) Does 1-10. (Id. at 3-4.)

Plaintiff alleges that during 2019-2020 he filed at least twelve grievances against the California Department of Corrections and Rehabilitation (CDCR) staff. (Id. at 6.) He claims that the defendants were aware of his history of filing grievances and as a result he was unfairly labeled a problematic inmate.

Plaintiff alleges that on August 8, 2019, he spoke with Chavez at CHCF. Chavez gave plaintiff his Institution Classification Committee (ICC) paperwork and stated, "Since you want to keep filing appeals like a wanna-be gangsta and you say you're from the Bay area, I'll send you home; that's Folsom, right?" (Id. at 7.) Chavez further told plaintiff he would be transferred. Plaintiff told Chavez he "had one year clean" and requested an override. Frazier told plaintiff that since plaintiff "wanted the Level two override," they would send him to Folsom because they were "tired of [plaintiff's] shit." (Id.) Plaintiff further alleges that officers Chavez and Frazier knew plaintiff had an enemy at CSP-SAC, but they did not care.

////

On August 9, 2019, Chavez and Frazier held plaintiff's ICC hearing while plaintiff was out for a medical appointment so that he would not be present. Plaintiff alleges this was done in retaliation for plaintiff filing appeals. Plaintiff further alleges that their intention was to have plaintiff transferred in retaliation for his filing appeals. (Id.) Plaintiff claims that Dr. Farhat intentionally removed his permanently assigned walker so that he could be transferred to CSP-SAC. Plaintiff filed several appeals articulating his safety concerns regarding his transfer to CSP-SAC.

On September 3, 2019, plaintiff arrived at CSP-SAC. (Id. at 8.) Plaintiff states that he informed officer Morales that he was concerned about his safety and requested secure housing. Morales told plaintiff secure housing was full and that he would send plaintiff to B yard where plaintiff had documented enemies. (Id.)

On September 10, 2019, Gonzales and Clough held plaintiff's classification hearing. (Id.) Plaintiff told them he was specialized outpatient inmate and had a documented enemy on B yard. Clough told plaintiff, "CHCF sent you here specifically to go to B yard so that is where you are going."

Plaintiff alleges that on September 12, 2019, he was attacked by several inmates and his jaw was broken. (Id.) He further alleges that after the attack he did not receive medical care, rather, he was sent to secure housing. After the incident officer Comacho walked by plaintiff and said, "you know, it could have been worse." (Id. at 9.) Plaintiff took this as an indication, "that prison officers, officials, and inmates know that messages by inmate enemies can be sent between yards to attack their 'enemies' in other yards and his attack, injury or potential death was something they all anticipated."

"After many hours without medical attention," plaintiff was transported to San Joaquin Hospital. (Id.) Plaintiff was then transferred UC Davis Medical Center for emergency surgery. His jaw was wired shut. Plaintiff states that as a result of his injuries he had pain, lost weight, had trouble eating, and developed an infection due to a lack of proper medical attention after surgery.

////

////

4

### III. Does Plaintiff State a § 1983 Claim?

#### A. First Amendment

"Of fundamental import to prisoners are their First Amendment rights to file prison grievances, and to pursue civil rights litigation in the courts. Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." Rhodes v. Robinson, 408 F.3d 559, 567 (citations, internal quotations and footnote omitted) (9th Cir. 2005).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-68. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm. Id. at 568, n.11; see also Brodheim v. Cry, 584 F.3d 1262, 1269-71 (9th Cir. 2009). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff claims that Chavez and Frazier held a classification hearing while plaintiff was away from prison and determined that he should be transferred to CSP-SAC where he had a documented enemy because he filed inmate appeals. (ECF No. 17 at 10.) He has alleged facts showing that Chavez and Frazier took adverse action against him because he exercised his First Amendment rights. Accordingly, he has alleged a cognizable retaliation claim against these defendants.

#### B. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide

5

1   prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v.
2   Brennan, 511 U.S. 825, 832-33 (1994).

3   Prison officials have a duty "to take reasonable measures to guarantee the safety of
4   inmates, which has been interpreted to include a duty to protect prisoners." Labatad v.
5   Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at
6   832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this
7   duty, a prisoner must "show that the officials acted with deliberate indifference to threat of
8   serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of
9   Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

10  A failure to protect claim under the Eighth Amendment requires a showing that "the
11  official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at
12  837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of
13  fact subject to demonstration in the usual ways, including inference from circumstantial evidence,
14  . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very
15  fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from
16  serious harm requires that prison officials take reasonable measures to guarantee the safety and
17  well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).
18  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,"
19  plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of
20  mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and
21  citations omitted).

22  Plaintiff has alleged that defendants: Chavez, Frazier, Farhat, Clough, Gonzales, and
23  Morales were responsible for sending him to CSP-SAC B yard where he had a documented
24  enemy and he was then attacked. (ECF No. 17 at 10.) Accordingly, the court finds that he has
25  stated a potentially cognizable failure to protect claim against these defendants.

26  Plaintiff has not included any factual allegations in the body of the complaint stating what
27  actions Adams took that resulted in a violation of his rights. Thus, he has not stated a claim
28  against Adams. Plaintiff's sole allegation against defendant Comacho is that after the attack, he

6

told plaintiff it could have been worse. Such an allegation is insufficient to state a claim against Comacho because he has failed to allege facts showing that he was aware plaintiff was in danger before the attack occurred.

Additionally, plaintiff appears to allege that he did not receive timely medical treatment for his injuries. Such allegations could potentially state a claim for violation of his rights under the Eighth Amendment. However, as in the original complaint, plaintiff has not identified any specific defendant who was involved in the alleged deprivation. Accordingly, the complaint does not state a claim for violation of his Eighth Amendment right to adequate medical treatment.

### C. Conspiracy

In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under §1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation f any

7

right or privilege of a citizen of the United States.  Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together.  Karim-Panahi, 839 F.2d at 626.  A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985.  Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

The complaint does not contain any specific facts regarding an agreement between any defendants.  Plaintiff's conclusory statement that defendants conspired is not sufficient to state a claim for conspiracy.

**D. Doe Defendants**

Plaintiff has identified ten Doe defendants.  (ECF No. 17 at 1, 4.)  However, he has not included any factual allegations against these individuals.  He has concluded in the claim section of the complaint that these individuals violated his rights by failing to intervene or stop the named defendants from harming him.  (ECF No. 1 at 10, 13.)

The use of John Does in pleading practice is generally disfavored, it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).  Plaintiff is informed that even though he has included defendants whose names are presently unknown to him he must show that each identified, though unnamed, defendant violated his rights.  See Jones v. Williams, 297 F.3d 930, 934 (2002) (Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights.).

Plaintiff's conclusion that unidentified individuals failed to intervene is not sufficient to state a claim against the Doe defendants.  Even if plaintiff can only list these defendants as John Doe, in any amended complaint plaintiff must allege specific acts that each Doe defendant did,

8

such as "John Doe 1 did X" and "John Doe 2 did Y." Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, at *5 (E.D. Cal. Feb. 24, 2009).

### IV. Amending the Complaint

As stated above, the court has determined that the complaint states an Eighth Amendment failure to protect claim and a First Amendment retaliation claim but does not contain any other claims. Plaintiff will have the option to proceed with those claims or file an amended complaint. However, plaintiff is not obligated to file an amended complaint.

Should plaintiff choose to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Each claim must be included in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

////

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint states a potentially cognizable Eighth Amendment claim against defendants Chavez, Frazier, Farhat, Clough, Gonzales, and Morales as well as a First Amendment claim against Chavez and Frazier as set forth in Section III above. The complaint does not state any additional claims. Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

2. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

3. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  September 18, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hear0557.scrn2

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEARNE,<br><br>            Plaintiff,<br><br>     v.<br><br>ALEX FARHAT, et al.,<br><br>            Defendants. | No.  2:20-cv-0557 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his claims Eighth Amendment failure to protect claim against defendants Chavez, Frazier, Farhat, Clough, Gonzales, and Morales and his First Amendment Claim against Chavez and Frazier.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____

_____
John Andrew Hearne
Plaintiff pro se

12