UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEARNE,<br><br>  Plaintiff,<br><br>  v.<br><br>ALEX FARHAT, et al.,<br><br>  Defendants. | No. 2:20-cv-0557 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was purposely transferred to a prison where he had documented enemies where he was attacked and injured. Presently before the court is plaintiff's second amended complaint for screening (ECF No. 35). For the reasons set forth below, the court will give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**BACKGROUND**

Plaintiff initiated this action with the filing of the original complaint. (ECF No. 1.) The court determined the first amended complaint stated cognizable failure to protect and retaliation claims but failed to state a cognizable deliberate indifference or due process claim. (ECF No. 9.) Plaintiff was given the option to proceed with the complaint as screened or file an amended complaint. Plaintiff elected to file an amended complaint. (ECF No. 12.) The court screened the first amended complaint and determined that plaintiff again stated cognizable retaliation and

failure to protect claim but failed to state a cognizable conspiracy claim or allege a cognizable claim against several doe defendants. (ECF No. 20.) Plaintiff was again given the option to proceed with the claims the court found cognizable or amend the complaint. Plaintiff opted to amend the complaint. (ECF No. 22.) Following several extensions of time plaintiff has now filed a second amended complaint. (ECF No. 35.)

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations in the Complaint**

Plaintiff claims that the events giving rise to the claim occurred while he was incarcerated at California Health Care Facility (CHCF) and California State Prison, Sacramento (CSP-SAC). (ECF No. 35 at 2.) Plaintiff has named the following defendants: (1) Dr. Alex Farhat, primary health care provider at CHCF; (2) A. Chavez, correctional counselor I ("CCI") at CHCF; (3) A. Frazier, correctional counselor II ("CCII") at CHCF; (4) J. Clough, captain at CSP-SAC; (5) P.

////

3

Gonzalez, correctional counselor I at CSP-SAC; (6) Morales, processing and placement officer at CSP-SAC. (Id. at 2-4.)

Plaintiff alleges that on August 8, 2019, Chavez approached plaintiff in plaintiff's assigned housing unit. (Id. at 6.) Chavez gave plaintiff notice of his upcoming Institution Classification Committee (ICC) paperwork and stated, "Since you want to keep filing appeals like a wanna-be gangsta and you say you're from the Bay area, I'll send you home; that's Folsom,[1] right?" (Id.)

Plaintiff was summoned to an ICC meeting held without facility Captain A.Vasquez. (Id.) During the meeting plaintiff told CCII Frazier that because he had not received a rules violation report ("RVR") for more than a year he was entitled to a medical override to a lower level custody facility. In response, Frazier indicated they would send plaintiff to CSP-SAC because staff at CHCF were sick of plaintiff filing administrative grievances regarding staff misconduct. Plaintiff claims they acted maliciously because they knew plaintiff had enemies at CSP-SAC.

Plaintiff further alleges that Dr. Farhat was coerced into removing prescription Americans with Disabilities Act ("ADA") devices from plaintiff's medical classification chrono so that plaintiff could be transferred to CSP-SAC. (Id. at 7.)

Plaintiff alleges that an official ICC was held on August 9, 2019 when plaintiff was away for an outside medical appointment. He alleges this ICC was held without him so that he would not be able to object on the record to a retaliatory transfer. (Id.)

On August 20, 2019, Chavez told plaintiff that he had been endorsed for transfer to CSP-SAC. Chavez stated, " . . . don't act like a punk – now go deal with the enemies you have . . . you should never have made an enemy of me . . . ." (Id.) Immediately after plaintiff learned he would be transferred to CSP-SAC, plaintiff filed several California Department of Corrections and Rehabilitation ("CDCR") form-22s and administrative grievances seeking to stop the transfer. Plaintiff also filed requests with facility captain Vasquez. (Id. at 7-8.)

---

[1] The court assumes that plaintiff's references to Folsom are in reference to CSP-SAC which "was originally called 'New Folsom' and located next to Folsom State Prison." Williams v. Malfi, No. CIV S-08-1737 WBS CMK P, 2010 WL 761095, at *1 n.2 (E.D. Cal. Mar. 4, 2010).

Plaintiff was transferred and arrived at CSP-SAC on September 3, 2019.  (Id. at 8.)  Upon his arrival plaintiff sought placement in protective housing.  He states officer Morales denied his request in retaliation for grievances plaintiff filed while housed at CSP-SAC between 2014 at 2018.  (Id. at 8-9.)

On September 10, 2019, a committee hearing was held at CSP-SAC.  (Id. at 10.)  There, captain Clough and Gonzales approved plaintiff for transfer to facility B at CSP-SAC.  Plaintiff immediately told Clough and Gonzalez that he had enemies on facility B.  On September 12, 2019, plaintiff arrived on facility B.  Several hours later he was assaulted by fellow inmates.  As a result, he suffered a broken jaw.

Plaintiff states that following the attack he did not receive timely treatment for his injuries.  Plaintiff concludes that the defendants conspired to ensure his transfer to a facility where they knew he had enemies.

**III.    Does Plaintiff State a § 1983 Claim?**

**A. First Amendment**

"Of fundamental import to prisoners are their First Amendment rights to file prison grievances, and to pursue civil rights litigation in the courts. Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." Rhodes v. Robinson, 408 F.3d 559, 567 (citations, internal quotations and footnote omitted) (9th Cir. 2005).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Id. at 567-68.  A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm.  Id. at 568, n.11; see also Brodheim v. Cry, 584 F.3d 1262, 1269-71 (9th Cir. 2009).  The plaintiff must also plead facts which suggest an

1  absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v.
2  Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

3  Plaintiff has alleged that Chavez and Frazier took adverse action against him, transferring
4  him to CSP-SAC where they knew plaintiff had enemies, because he exercised his First
5  Amendment rights by filing administrative grievances. He has further alleged Morales denied his
6  request to be placed in protective housing because he had enemies at CSP-SAC in retaliation for
7  grievances plaintiff filed when he was previously housed at CSP-SAC. Accordingly, he has
8  alleged a cognizable retaliation claim against Chavez, Frazier, and Morales.

9  **B.  Failure to Protect**

10  The Eighth Amendment protects prisoners from inhumane methods of punishment and
11  from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.
12  2006). Although prison conditions may be restrictive and harsh, prison officials must provide
13  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v.
14  Brennan, 511 U.S. 825, 832-33 (1994).

15  Prison officials have a duty "to take reasonable measures to guarantee the safety of
16  inmates, which has been interpreted to include a duty to protect prisoners." Labatad v.
17  Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at
18  832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this
19  duty, a prisoner must "show that the officials acted with deliberate indifference to threat of
20  serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of
21  Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

22  A failure to protect claim under the Eighth Amendment requires a showing that "the
23  official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at
24  837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of
25  fact subject to demonstration in the usual ways, including inference from circumstantial evidence,
26  . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very
27  fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from
28  serious harm requires that prison officials take reasonable measures to guarantee the safety and

6

well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and citations omitted).

Plaintiff has alleged that defendants: Chavez, Frazier, Clough, Gonzales, and Morales were responsible for sending him to CSP-SAC B yard where he had a documented enemy and he was then attacked. (ECF No. 35 at 6-10.) Accordingly, the court finds that he has stated a potentially cognizable failure to protect claim against these defendants.

### C. Conspiracy

In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under §1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators

in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation f any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi, 839 F.2d at 626. A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

As in the first amended complaint, the second amended complaint does not contain any specific facts regarding an agreement between any defendants. Plaintiff's conclusory statement that defendants conspired is not sufficient to state a claim for conspiracy.

**D. Deliberate Indifference**

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

////

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

////

332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

As set out in the court two prior screening orders, plaintiff's allegation that he did not receive timely medical treatment following the attack could state a cognizable deliberate indifference claim. However, plaintiff has again failed to identify a proper defendant for his deliberate indifference claim. Plaintiff has not included factual allegations connecting any of the named defendants to the failure to treat his injuries following his attack. Accordingly, the complaint does not contain a cognizable deliberate indifference claim.

**E.  Failure to State a Claim against Dr. Farhat**

Plaintiff's allegations have failed to state a cognizable claim against Dr. Farhat. Plaintiff alleges that he took unspecified prescribed ADA devices from plaintiff. Plaintiff has attempted to allege that Dr. Farhat was part of a conspiracy with other defendants in this action. However, as set forth above, plaintiff has not alleged sufficient facts to state a cognizable conspiracy claim.

Additionally, plaintiff has not alleged sufficient facts for the court to find he has stated a cognizable claim for deliberate indifference to medical needs or a violation of plaintiff's rights under the Americans with Disabilities claim. The complaint does not contain facts showing that he is an individual with a disability, what device was removed from plaintiff's chrono, and how the removal impacted him.

**IV.   Amending the Complaint**

As stated above, the court has determined that the complaint states an Eighth Amendment failure to protect claim and a First Amendment retaliation claim but does not contain any other claims. Plaintiff will have the option to proceed with those claims or file an amended complaint. However, plaintiff is not obligated to file an amended complaint. Plaintiff is advised that should he file a third amended complaint that contains the similar defects as those outlined in this order and the court's two prior screening orders the court will recommend that those claims be dismissed without leave to amend.

Should plaintiff choose to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo,

423 U.S. at 370-71.  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  Each claim must be included in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint states a potentially cognizable failure to protect claim against defendants Chavez, Frazier, Clough, Gonzales, and Morales as well as a retaliation claim against Chavez, Frazier, and Morales as set forth in Section III above. The complaint does not state any additional claims. Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.
2. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.
3. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  February 22, 2021

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hear0557.scrn2

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

12

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEARNE,<br><br>           Plaintiff,<br><br>    v.<br><br>ALEX FARHAT, et al.,<br><br>           Defendants. | No. 2:20-cv-0557 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims Eighth Amendment failure to protect claim against defendants Chavez, Frazier, Clough, Gonzales, and Morales and his First Amendment Claim against Chavez and Frazier. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing claims against Dr. Farhat, as well as his deliberate indifference and conspiracy claims.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                           John Andrew Hearne<br>
                                                                           Plaintiff pro se