UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEARNE,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEX FARHAT, et al.,<br><br>    Defendants. | No.  2:20-cv-0557 JAM DB P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was purposely transferred to a prison where he had documented enemies where he was attacked and injured. Presently before the court is plaintiff's requests for money damages to be sent to an attorney (ECF Nos. 30, 36) and his second motion for injunctive relief (ECF No. 29). For the reasons set forth below, the court will deny his requests as premature and recommend that plaintiff's motion for injunctive relief be denied.

**REQUEST RE DAMAGES CHECK**

Plaintiff has filed two requests asking that any damages check be sent to an attorney. (ECF Nos. 30, 36.) The court finds that requests related to money damages are premature. Defendants have yet to appear in this action and many issues remain unresolved. Accordingly, the court will deny plaintiff's requests. In the event that a jury determines damages should be awarded or the case resolved in a settlement agreement whose terms specify some payment to plaintiff, he may file a renewed motion.

**MOTION FOR INJUNCTIVE RELIEF**

Plaintiff argues the court should issue an injunction stating that defendants should not be involved in his committee hearings "which they could use to endanger . . . [plaintiff] with retribution." (ECF No. 29 at 3.) Plaintiff states that he will soon be "put up for transfer" by a defendant in this action. (ECF No. 25 at 1.) He alleges correctional counselor Chavez is in charge of his classification and transfer and "he will most likely wish retribution against [plaintiff]." Plaintiff seeks to be granted a behavior override pursuant to California Code of Regulations Title 15, § 3375.2(3).[1] Upon review of the motion, it appears that plaintiff seeks court interference in his classification determination and potential transfer.

**I.     Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R.

---

[1] The court notes that Cal. Code regs. tit. 15 § 3375.2(a)(3) states: "An inmate with a history of se crimes designated in section 3377.1(b) shall be housed in accordance with their placement score and shall not be assigned outside the security perimeter."

1 Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is
2 that the relief awarded is only temporary and there will be a full hearing on the merits of the
3 claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is
4 not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See
5 Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court
6 may issue an injunction if it has personal jurisdiction over the parties and subject matter
7 jurisdiction over the claims . . . .").

8      In cases brought by prisoners involving conditions of confinement, any preliminary
9 injunction must be narrowly drawn, extend no further than necessary to correct the harm the court
10 finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."
11 18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is
12 strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110
13 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in
14 which he is not designated as a party . . . .").[2]

15      Further, preliminary injunctive relief is not appropriate until the court finds that the
16 plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv.,
17 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal
18 jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not
19 attempt to determine the rights of persons not before the court.").

20 **II.     Analysis**

21      Plaintiff's motion should be denied because plaintiff is not entitled to be transferred to any
22 particular prison.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.). Additionally, it is improper for the court to second guess the decisions of prison officials regarding the day-to-day operation of prisons. See Whitley v. Albers, 475 U.S. 312, 322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979) (Prison officials are entitled to "'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'").

      Plaintiff's speculative safety concerns that he may be transferred to a facility where he believes an enemy may be housed are not sufficient to show that he is entitled to injunctive relief. See Van Buren v. Willard, No. 1:13-cv-1273 DLB PC, 2014 WL 2524392 at *2 (E.D. Cal. June 4, 2014) (denying injunctive relief to plaintiff with safety concerns regarding his placement on a yard with known enemies because his concern was speculative and did "not demonstrate he was facing real, immediate danger."); see also Rigsby v. State, No. CV 11-1696 PHX DGC, 2013 U.S. Dist. LEXIS 44688, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying inmate's motion for injunctive relief based on fear of potential future injury based on past assaults); Chappell v. Stankorb, No. 1:11-cv-1425 LJO, 2012 WL 1413889 at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where inmate's claims of injury based on future housing decisions were nothing "more than speculative."), report and recommendation adopted, 1:11-cv-1425 LJO 2012 WL 2839816 (E.D. Cal. July 9, 2012).

      Further, at this stage of the proceedings the court is not able to determine plaintiff's likelihood of success on the merits. See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (At the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated).

////

////

////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's requests for damages to be sent to an attorney (ECF Nos. 30, 36) are denied as premature.

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 29) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 22, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hear0557.pi(2)

5