1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8               FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10   JOHN HEARNE,                           No.  2:20-cv-0557 JAM DB P

11               Plaintiff,

12        v.                                FINDINGS AND RECOMMENDATIONS

13   ALEX FARHAT, et al.,

14               Defendants.

15

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17   U.S.C. § 1983.  Plaintiff claims he was purposely transferred to a prison where he had

18   documented enemies in retaliation for filing grievances.  Presently before the court is defendants'

19   motion to revoke plaintiff's in forma pauperis (IFP) status.  (ECF No. 62.)  For the reasons set

20   forth below the court will recommend that the motion be granted.

21                              **BACKGROUND**

22        Plaintiff initiated this action with the filing of the original complaint.  (ECF No. 1.)  The

23   court determined the original complaint stated cognizable failure to protect and retaliation claims

24   but failed to state any additional claims.  (ECF No. 9.)  Plaintiff was given the option to proceed

25   with the complaint as screened or file an amended complaint.  Plaintiff elected to file an amended

26   complaint.  The court determined the first amended complaint stated cognizable retaliation and

27   failure to protect claims but did not contain any additional claims.  (ECF No. 20.)  Plaintiff again

28   elected to file an amended complaint.  (ECF No. 22.)

                                        1

1    Upon screening the second amended complaint, the court determined it stated a potentially

2    cognizable failure to protect claim against defendants Chavez, Frazier, Clough, Gonzales, and

3    Morales, as well as a retaliation claim against Chavez, Frazier, and Morales.  (ECF No. 37.)

4    Plaintiff elected to proceed with the second amended complaint as screened (ECF No. 43) and the

5    court ordered service of the complaint (ECF No. 45).  In response to the complaint defendants

6    filed the instant motion to revoke plaintiff's IFP status.  (ECF No. 62.)

7                          **MOTION TO REVOKE IFP STATUS**

8    Defendants argue that plaintiff's IFP status should be revoked because he brought three

9    actions that were dismissed for failure to state a claim before he filed the instant action in March

10   2020.  (ECF No. 62 at 3-4.)  They further allege that plaintiff fails to meet the imminent danger

11   exception and thus, should be barred from proceeding IFP in the instant action.  (Id. at 4-6.)

12   Plaintiff's filing in response indicates that he does not oppose the motion and requests that his

13   motion to proceed in forma pauperis be withdrawn.  (ECF No. 67.)

14   **I.      In Forma Pauperis Statute**

15   Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act (PLRA).  The PLRA

16   was intended to eliminate frivolous lawsuits, and its main purpose was to address the

17   overwhelming number of prisoner lawsuits.  Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014).

18   Section 1915(g) provides:

19                  In no event shall a prisoner bring a civil action or appeal a judgment
                    in a civil action or proceeding under this section if the prisoner has,
20                  on 3 or more prior occasions, while incarcerated or detained in any
                    facility, brought an action or appeal in a court of the United States
21                  that was dismissed on the grounds that it is frivolous, malicious, or
                    fails to state a claim upon which relief may be granted, unless the
22                  prisoner is under imminent danger of serious physical injury.

23   The plain language of the statute makes clear that a prisoner is precluded from bringing a

24   civil action or an appeal in forma pauperis if the prisoner has previously brought three frivolous

25   actions or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d

26   1176, 1178 (9th Cir. 1999).  Section 1915(g) should be used to deny a prisoner's IFP status "only

27   when, after careful evaluation of the order dismissing [each] action, and other relevant

28   information, the district court determines that [each] action was dismissed because it was

                                              2

frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it."). A dismissal qualifies as a strike only where the entire action was dismissed for a qualifying reason under the PLRA. Washington v. Los Angeles County Sheriff's Dep't, 833 F.3d 1048, 1055, 1057 (9th Cir. 2016) (citing Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007)). A denial of a plaintiff's application to proceed IFP is a dismissal for purposes of § 1915(g). O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). When an appellate court denies a plaintiff's request to proceed IFP, the denial is also a dismissal for purposes of § 1915(g). Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013). This applies even if the appellate court relies on a district court's representation that the plaintiff's appeal was not taken in good faith to deny plaintiff's request to proceed IFP. Id. The denial of IFP status by an appellate court counts as a dismissal for purposes of § 1915(g) even if the case is eventually dismissed for other reasons. Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding IFP unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d at 1052. To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews v. Cervantes, 493 F.3d at 1055.

Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d at 1120 (quoting § 1915(g)). Once a defendant meets their initial burden, it is plaintiff's burden to
////

3

1   explain why a prior dismissal should not count as a strike.  Id.  If the plaintiff fails to meet that

2   burden, plaintiff's IFP status should be revoked under 28 U.S.C. § 1915(g).   Id.

3   **II.      Analysis**

4          Defendant alleges that plaintiff accrued strikes for purposes of 28 U.S.C. § 1915(g) in the

5   following three cases: (1) Hearne v. Golden, No. 2:16-cv-1614 KJN (E.D. Cal.); (2) Hearne v.

6   Ma, No. 2:16-cv-1755 JAM EFB (E.D. Cal.); and (3) Hearne v. Mondoza, No. 2:16-cv-2887 KJN

7   (E.D. Cal.).  (ECF No. 62-1 at 2, 3-4.)

8          Each of the three cases must be examined separately to determine if the defendant has

9   provided sufficient documentary evidence to conclude the case's dismissal should be considered a

10   strike under § 1915(g).  Andrews v. King, 398 F.3d at 1121.

11   **A.  Cases Cited by Defendants**

12   **1.  Hearne v. Golden, No. 2:16-cv-1614 KJN (E.D. Cal.)**

13          The court screened and dismissed the complaint for failure to state a claim.  (Ex. A to

14   Request for Judicial Notice (ECF No. 62-2) at 8-17.)[1]  Plaintiff was given thirty days leave to file

15   an amended complaint.  Plaintiff failed to file an amended complaint and the action was

16   dismissed without prejudice on November 16, 2016.  (ECF No. 62-2 at 20.)

17   **2.  Hearne v. Ma, No. 2:16-cv-1755 JAM EFB (E.D. Cal.)**

18          The court screened plaintiff's complaint and found the allegations were "too vague and

19   conclusory to state a cognizable claim for relief."  (ECF No. 62-2 at 27.)  Plaintiff was given

20   thirty days leave to file an amended complaint.  (Id. at 31.)  Plaintiff failed to file an amended

21   complaint and the action was dismissed without prejudice on April 12, 2018.  (Id. at 32-35.)

22   ////

23   ////

24   ////

25

26   [1] Defendants request the court take judicial notice of the records and decisions from the prior
cases discussed herein.  (ECF No. 62-2 at 1-3.)  This court may consider plaintiff's litigation
27   history because it is a matter of public record that is not subject to dispute. Fed. R. Evid. § 201;
see also MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Therefore, the
28   court will grant defendant's request for judicial notice.

1    **3. <u>Hearne v. Mondoza</u>, No. 2:16-cv-2887 KJN (E.D. Cal.)**

2    The complaint was dismissed on screening for failure to state a claim (ECF No. 62-2 at

3    40-46) and thereafter, plaintiff failed to file an amended complaint (<u>Id.</u> at 48). The court

4    dismissed the action without prejudice on February 7, 2017. (<u>Id.</u>)

5    **B. Each Case Qualifies as a Strike**

6    Each of the three cases cited by defendant as strikes follow a similar pattern. In all three,

7    the court screened and dismissed the complaint for failure to state a claim. Thereafter, plaintiff

8    failed to file an amended complaint and the cases were dismissed for failure to prosecute and

9    failing to comply with court orders. (ECF No. 62-2 at 20, 34, 48.)

10   The Supreme Court held in <u>Lomax v. Ortiz-Marquez</u>, 140 S. Ct. 1721, 1727 (2020), that a

11   dismissal for failure to state a claim counts as a strike under the PLRA's three strikes rule.

12   Additionally, "when (1) a district court dismisses a complaint on the grounds that it fails to state a

13   claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended

14   complaint, the dismissal counts as a strike under § 1915(g)." <u>Harris v. Mangum</u>, 863 F.3d 1113,

15   1143 (9th Cir. 2017). Accordingly, each of the three cases cited by defendants qualify as strikes

16   for the purposes of § 1915(g).

17   **C. Imminent Danger**

18   Because the court has determined that plaintiff has accrued three strikes prior to the filing

19   of this action, the court must assess whether he was "under imminent danger of serious physical

20   injury" at the time he filed the instant action. 28 U.S.C. § 1915(g).

21   The availability of the imminent danger exception turns on the conditions a prisoner faced

22   at the time the complaint was filed, not at some earlier or later time. <u>See</u> <u>Andrews</u>, 493 F.3d at

23   1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as

24   overly speculative or fanciful." <u>Id.</u> at 1057 n.11. Imminent danger of serious physical injury

25   must be a real, present threat, not merely speculative or hypothetical. To meet this burden under

26   § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or

27   a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v.</u>

28   <u>Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm

5

1    are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the

2    "imminent danger" exception is available "for genuine emergencies," where "time is pressing"

3    and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

4         In the complaint plaintiff alleged defendants transferred him to California State Prison,

5    Sacramento (CSP-SAC) where plaintiff had documented enemies in retaliation for filing

6    grievances.  (ECF No. 35 at 6-9.)  He further alleged that he was assaulted shortly after his

7    transfer to CSP-SAC.  (Id. at 10.)

8         Defendants argue plaintiff has failed to show he qualifies for imminent danger exception

9    because his allegations are too conclusory and contradicted by the record.  (ECF No. 62 at 5-6.)

10   When plaintiff filed the complaint in March 2020, he was housed at CHCF.  (See ECF No. 35 at

11   52.)  Thus, he was no longer in danger of assault by documented enemies at CSP-SAC.

12   Moreover, plaintiff has not argued he was in imminent danger in his response to defendant's

13   motion.  (ECF No. 67.)  Accordingly, the court finds that plaintiff's allegations do not meet the

14   requirements for the imminent danger exception.

15        **D.  Revocation of Plaintiff's IFP Status**

16        Because the court has determined that plaintiff incurred three strikes prior to filing the

17   instant action and that he was not in imminent danger when he filed the complaint, it will

18   recommend that defendant's motion to revoke his IFP status be granted and that plaintiff's motion

19   to withdraw his IFP motion be granted.

20        **III.   Conclusion**

21        For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

22        1.  Defendants' motion to revoke plaintiff's IFP status (ECF No. 62) be granted;

23        2.  Plaintiff's motion to withdraw his IFP motion (ECF No. 67) be granted; and

24        3.  Plaintiff be directed to pay the filing fee for this action ($402.00) in full or face

25   dismissal of this action.

26        These findings and recommendations will be submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days

28   after being served with these findings and recommendations, any party may file written

6

objections with the court and serve a copy on all parties.  The documents should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 4, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/S/hear0557.revoke.ifp

7