UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEARNE,<br><br>           Plaintiff,<br><br>   v.<br><br>ALEX FARHAT, et al.,<br><br>           Defendants. | No.  2:20-cv-0557 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was purposely transferred to a prison where he had documented enemies where he was attacked and injured. Presently before the court is plaintiff's motion for an extension of time (ECF No. 97) and motion for the appointment of counsel (ECF No. 95).

**I.      Motion for an Extension of Time**

By order dated December 5, 2022, plaintiff was directed to show cause in writing why this action should not be dismissed because he had not responded to defendants' motion for summary judgment. (ECF No. 94.)  In response, plaintiff filed a motion for an extension of time dated December 21, 2022.  (ECF No. 97.)  Plaintiff sought an extension of time to file an opposition to the summary judgment motion.  (Id.)  Thereafter, he filed an opposition to defendants' motion for summary judgment dated December 22, 2022.  Because plaintiff has filed an opposition, the court will deny his motion for an extension of time as moot.

**II.      Motion to Appoint Counsel**

Plaintiff has moved for the appointment of counsel. (ECF No. 95.) In support of his motion, he argues the court should appoint counsel because he has "severe mental handicaps and is a participant in the California Department of Corrections and Rehabilitation Mental Health Services Delivery System (MHSDS) at the Enhanced Outpatient (EOP) level of care," he has been relying on help from others to prepare his filings, and he has attempted to obtain pro bono counsel. (Id. at 2.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Mental health issues do not warrant the appointment of counsel. Mental impairment may be grounds for appointment of counsel in certain circumstances, but the impairment must be an "incapacitating mental disability" and the plaintiff "must present evidence of incompetence." Meeks v. Nunez, No. 13cv973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). Plaintiff has not provided any evidence indicating that he is not competent. Additionally, it appears from plaintiff's filings in this action that he is capable of articulating his claims pro se at this point. Accordingly, the court will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

### III.     Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 97) is denied as moot; and

2. Plaintiff's motion to appoint counsel (ECF No. 95) is denied without prejudice.

Dated: January 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/hear0557.31+eot