UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANDREW HEARNE,<br><br>Plaintiff,<br><br>v.<br><br>FARHAT, et al.,<br><br>Defendants. | No. 2:20-cv-00557-DAD-DB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 80, 100) |

Plaintiff John Andrew Hearne is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 23, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment (Doc. No. 80) be granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as is required. (Doc. No. 100.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty (20) days after service. (*Id*. at 16.) On February 13, 2023, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 102.) Defendants did not file a response thereto or objections of their own.

In his objections, plaintiff largely reiterates arguments raised in his opposition to defendants' motion for summary judgment and addressed by the pending findings and

1

recommendations. (Doc. No. 102.) Specifically, plaintiff acknowledges that he filed his inmate appeal, Log No. CHCF-C-19-04940, after the thirty-day time period in which to file a grievance had expired, but he argues that prison officials improperly screened and cancelled that appeal as untimely. (*Id.* at 6–7.) According to plaintiff, the prison officials should have extended that deadline because he was briefly hospitalized during part of that thirty-day period. (*Id.*) However, as the magistrate judge explained in the pending findings and recommendations, plaintiff did not exhaust his administrative remedies because he could have filed a separate appeal seeking review of the prison officials' cancellation decision, but he did not do so. (*See* Doc. No. 100 at 15) (citing *Ranson v. Aquirre*, No. 1:12-cv-1343-AWI-DLB, 2013 WL 5923104, at *7 (E.D. Cal. Nov. 1, 2013) (a cancelled grievance does not exhaust administrative remedies because a separate appeal could have been filed on the cancellation decision)). In addition, the magistrate judge noted that the evidence before the court on summary judgment reflected that plaintiff had filed at least one (unrelated) inmate appeal during that same thirty-day period, despite his brief hospitalization. (Doc. No. 100 at 15.) Thus, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

     Accordingly,

1. The findings and recommendations issued on January 23, 2023 (Doc. No. 100) are adopted in full;

2. Defendants' motion for summary judgment based upon plaintiff's failure to exhaust his administrative remedies, with respect to the claims presented in this action, prior to filing suit as required (Doc. No. 80) is granted;

/////

/////

/////

3. This case is dismissed without prejudice; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 10, 2023**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE